UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEITH NASS, | ) |
| | ) |
| Petitioner, | ) |
| | ) Civil Action No. 04-40105-JLT |
| v. | ) |
| | ) |
| DAVID L. WINN, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM OF RESPONDENT, DAVID WINN,
IN SUPPORT OF THE MOTION TO DISMISS**

**INTRODUCTION**

The petitioner, Keith Nass, an inmate at the Federal Medical Center, Devens, filed the instant Petition for Writ of Habeus Corpus under 28 U.S.C. § 2241, alleging that the Federal Bureau of Prisons has incorrectly calculated the appropriate credit for good conduct time. For the reasons stated below, this court lacks jurisdiction and the Petition fails to state a claim upon which relief can be granted and must be dismissed.

## STATEMENT OF FACTS[1]

The Petitioner was sentenced on February 4, 2003, to serve 27 months imprisonment with a one year term of supervised release for one Count of Possession of an Unregistered Machine Gun in violation of 26 U.S.C. § 5861(D) and one Count of Possession of a Machine Gun, in violation of 18 U.S.C. § 922(O). See Declaration of Stephanie Scannell, Attachment B, attached hereto as Exhibit 1.

Pursuant to the applicable statutes and regulations, the BOP has determined that Petitioner will be entitled to 105 days of Good Conduct Time ("GCT") credited against his sentence, assuming good behavior, such that his projected release date is September 1, 2004.[2]  Exhibit 1, Attachment C.

The Petitioner contends that BOP's calculation of GCT is inconsistent with the Sentencing Reform Act and that the correct calculation yields 121 days.

The Petitioner has not exhausted administrative remedies. See also, Exhibit 1, ¶4 (noting the Petitioner has not undertaken any administrative remedies).

---

[1] In accord with the standard of review upon a motion to dismiss, the well-pleaded factual allegations of the Petition are accepted as true for purpose of this motion. See Rockwell v. Cape Cod Hosp., 26 F.3d 254, 255 (1st Cir. 1994).

[2] Petitioner received prior jail credit of 139 days from April 2, 2002, through April 2, 2002 (one day) and September 19, 2002 through February 3, 2003 (138 days). Exhibit 1, Attachment B. In the event that all of his remaining Good Conduct Time is disallowed, Petitioner's full term expiration date is December 15, 2004. Id.

# ARGUMENT

**I.     The Petitioner's Claim Should Be Dismissed For Failure To Exhaust Administrative Remedies**

The Petitioner's claim that the BOP has improperly calculated his GCT credits should be dismissed under the traditional requirement that a prisoner must exhaust his administrative remedies before applying for habeas relief under 28 U.S.C. § 2241.  See, e.g., Rogers v. United States, 180 F.3d 349, 357-58 (1st Cir. 1999); Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3rd Cir. 1996); Gonzalez v. Perrill, 919 F.2d 1 (2nd Cir. 1990); United States v. Flanagan, 868 F.2d 1544, 1546-47 (11th Cir. 1989).

The Bureau of Prisons has established a three step administrative process for resolution of inmate grievances.  See 28 C.F.R. §§ 542.10, *et seq.*[3]

The Petitioner has never availed himself of the available administrative remedies, thus, the Petitioner's claim must be dismissed for failure to exhaust.

---

[3] According to these regulations, first, within twenty days of the event giving rise to the incident, a prisoner must present the issue in question informally to staff (Form BP-9), who, in turn, are mandated to attempt to resolve the issue. 28 C.F.R. § 542.13.  Barring an extension for extenuating circumstances "[w]here the inmate demonstrates a valid reason for delay", the deadline for formal resolution of this issue is 20 calendar days following the date of submission of the initial request occurred.  28 C.F.R. § 542.14.  If the inmate believes the Warden's response is unsatisfactory, within 20 calendar days of the Warden's signing the response, the inmate may appeal to the Regional Director (Form BP-10).  28 C.F.R.§ 542.15(a).  The may then appeal to the General Counsel within 30 calendar days of the date the Regional Director signed the response.  The process is not considered "exhausted" until this appeal is denied by the Bureau of Prisons General Counsel.  28 C.F.R. § 542.15.

**II.    Petitioner's Good Conduct Time Has Been Appropriately Calculated**

    A.    <u>Background: The Governing Statute, BOP Regulations And Program Statement 5880.28</u>

For offenses committed after November 26, 1996, GCT is determined pursuant to the Sentencing Reform Act, 18 U.S.C. § 3624(b). That statute provides in relevant part:

> (b) Credit toward service of sentence for satisfactory behavior.
> (1) Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year . . . may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. . . . Credit that has not been earned may not later be granted. . . . [C]redit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence. . . .

<u>Id</u>. To implement the statutory directive, the Bureau of Prisons has issued appropriate regulations. Specifically, 28 C.F.R.§ 523.20, provides:

> (a) When considering good conduct time for an inmate serving a sentence for an offense committed on or after April 26, 1996, the Bureau shall award:
> (1) 54 days credit for each year <u>served</u> (prorated when the time served by the inmate for the sentence during the year is less than a full year) if the inmate has earned or is making satisfactory progress toward earning a GED credential or high school diploma; or
> (2) 42 days credit for each year <u>served</u> (prorated when the time served by the inmate for the sentence during the year is less than a full year) if the inmate has not earned or is not making satisfactory progress toward earning a GED credential or high school diploma.

<u>Id.</u> (emphasis added).

The calculation under the Sentencing Reform Act and relevant regulations is further explained in BOP Program Statement 5880.28, <u>Sentence Computation Manual CCCA</u> ("PS 5880.28") (The relevant portions are included as Attachment D to <u>Exhibit 1</u>). Consistent with the statute and regulation, PS 5880.28 provides that, in determining credit to be applied to the last year or portion of the last year, the 54 days of credit per year earned by a model prisoner shall be prorated to 0.148 days of credit for every actual day served during good behavior (54/365 = 0.148).  <u>Id</u>.

Thus, in accord with the statutory directive that GCT in the last year shall be prorated, the implementing regulations and the Program Statement adjust for the fact that each additional day of accrued GCT results in one day less of time served.  Consequently, the days of credit and days of time served are adjusted to reflect that fact that an inmate granted GCT does not actually serve the entire "term of imprisonment."[4]

B.   <u>The Petitioner's Argument</u>

The Petitioner argues the BOP regulations and Program Statement impermissibly substitute time actually served in place of "term of imprisonment."  Stated another way,

---

[4]Assuming that the language of 18 U.S.C. § 3624(b) is ambiguous, although the BOP maintains it is not, the agency's interpretation is entitled to substantial deference. It is a well recognized and adopted rule that full deference is given to an executive department's interpretation of a statutory scheme unless "arbitrary, capricious or manifestly contrary to the statute." <u>See Chevron USA Inc. v. National Resources Defense Council</u>, 467 U.S. 837, 844 (1984).
   Similarly, as the statute does not specify the manner in which the proration is to be accomplished, BOP's interpretation is clearly not inconsistent with the directive of Congress.

Petitioner asserts that the calculation of GCT must be made with regard to the sentence imposed, not with regard to time actually served. Thus, the Petitioner contends that the Sentencing Reform Act mandates that he receive 54 days of GCT credit for the first year of his sentence, another 54 days of credit for the second year of his sentence, and an additional 13.5 days of credit for the last three months of his sentence (15%[5] of the 90 days), for a total of 121.5 days.

Under this theory, Petitioner "earns" GCT during the 90-day portion of the last year of his sentence, even though he will never have served a single day of that time. Indeed, Petitioner will not even have served out the entirety of his second year.

  C. <u>The Petitioner's Interpretation Is Inconsistent With The Sentencing Reform Act And Common Sense</u>

The Sentencing Reform Act provides that credit for GCT be given "at the end of each year of the prisoner's term of imprisonment" subject to a finding of, "exemplary compliance with institutional disciplinary regulations" and that "credit for the last year or portion of a year of the term of imprisonment shall be prorated . . . ." To award credits for "good conduct," BOP must, indisputably, examine an inmate's conduct over a period of imprisonment to decide whether that prisoner has shown "exemplary compliance with institutional disciplinary regulations." 18 U.S.C. § 3624(b).

As a matter of common sense, an inmate cannot establish "exemplary compliance with institutional disciplinary regulations" for time that was not served. Thus, the

---

[5]Fifty four days is approximately 15% of 365 days.

Petitioner's interpretation impermissibly renders superfluous the requirement that BOP evaluate whether there has actually been good behavior over the period for which credit is sought. See Duncan v. Walker, 533 U.S. 167, 174 (2001) (a provision of a statute should not be interpreted in a manner that renders another provision of the same statute superfluous); Kawaauhau v. Geiger, 523 U.S. 57, 62 (1998) (same). If GCT credit were awarded based on the length of sentence, as Petitioner urges, inmates would, nonsensically, be awarded GCT for periods in which there has been no showing of compliance with disciplinary regulations, *i.e.*, time for which there has been no good conduct.[6] See also, Pacheco-Camacho v. Hood, 272 F.3d 1266, 1269 (9th Cir. 2001) ("Nothing in the statute clearly suggests that Congress intended to give the prisoner such a windfall in his last year."); Williams v. Lamanna, 20 Fed. Appx. 360, 2001 WL 1136069 (6th Cir. 2001)[7] ("The statute clearly states that good conduct time is awarded on time served by the inmate, not on the time that might potentially be served by the inmate.").[8]

---

[6] The statute provides, "Credit that has not been earned may not later be granted." Thus, the language clearly indicates that GCT credit must be earned. If GCT credit were awarded based on length of sentence, as Petitioner urges, credit would be awarded for time not actually spent in prison, in other words, credit given that was never actually earned.

[7] Sixth Circuit Rule 28(g) permits citation to unpublished opinions where there is no published opinion on point.

[8] Contra, White v. Scibana, 314 F. Supp.2d 834 (W.D. Wisc. 2003) (adopting the Petitioner's method of calculation). The Respondent submits that the White decision is not well reasoned and should not be followed.

Indeed, the Petitioner's theory is flatly inconsistent with the statutory requirement that credit be given "<u>at the end</u> of each year of the prisoner's term of imprisonment" (emphasis added), and that "credit for the last year or portion of a year of the term of imprisonment shall be prorated. . . ."  Stated another way, if, as the Petitioner asserts, "term of imprisonment" were interpreted to mean "term of the sentence," it would be impossible for the BOP to give credit "at the end of each year of the prisoner's term of imprisonment," since the petitioner would, under his theory, no longer be under BOP custody during his last year.

## CONCLUSION

For the forgoing reasons, the Petition should be dismissed.

>Respectfully submitted,
>MICHAEL J. SULLIVAN
>United States Attorney

By:   /s/ Mark Grady
>MARK GRADY
>Assistant U.S. Attorney
>John Joseph Moakley U. S. Courthouse
>One Courthouse Way, Suite 9200
>Boston, Massachusetts 02210
>(617) 748-3282

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of August 2004, the foregoing document was served upon Petitioner, Keith Nass, Reg. No. 10866-040, FMC Devens Camp, P.O. Box 879, Ayer, MA 01432 by mail on this date.

>  /s/ Mark Grady
>Mark Grady